DENNIS, Circuit Judge,
dissenting:
I respectfully dissent. In my view, there is evidence from which a reasonable jury could conclude that each of the three elements of supervisory liability is satisfied, and thus that the district court’s denial of qualified immunity to Sheriff Callahan should be affirmed. First, I would conclude, for the reasons given by Judge Southwick, and which Judge Owen does not attempt to dispute, that there is competent summary judgment evidence showing that Sheriff Callahan had a duty to supervise the nurses.
Second, I disagree with the majority’s conclusion, which is the primary basis for its granting qualified immunity to Sheriff Callahan, that there was no violation of Henson’s constitutional rights by either of Sheriff Callahan’s subordinates, Dr. Bolin or Nurse Krajca. The majority’s determination that Nurse Krajca did not violate Henson’s constitutional rights is based on its conclusion in Henson v. Krajca, 2011 WL 3913636 at *-, that there are no facts in the record from which a jury could reasonably infer that she was deliberately indifferent to his serious medical needs. However, for the reasons given in my dissent from that decision, I believe there is evidence from which a jury could reasonably infer that Nurse Krajca acted with deliberate indifference to Henson’s serious medical needs, thereby violating his constitutional rights.
Finally, I would conclude that there is evidence from which a reasonable jury could find that Sheriff Callahan acted with deliberate indifference, a proposition which the majority does not attempt to dispute. The record in this case contains evidence that another inmate, Jason Brown, like Henson, came to the same jail and died while in custody, about four months before the events of this case. “During the 55 hours between Brown’s book-in and his death, he informed the intake nurse of multiple serious medical problems, repeatedly vomited what appeared to be blood, complained of feeling unwell, requested to be sent to the emergency room, and ultimately was non-responsive for extended periods of time.” Brown v. Callahan, 623 F.3d 249, 252 (5th Cir.2010). There was also evidence that “Nurse Kraj-ca, who oversaw ... Brown’s treatment,” stated to a detention officer regarding Brown, “[d]o you know what kind of ass-chewing I would get from Dr. Bolin if I sent [Brown] to the hospital in the good health that he is in?” Id. at 254 & n. 2 (alterations in original). Brown received some treatment and then was placed in a medical segregation cell, where he died without ever being taken to the hospital or seen by Dr. Bolin. This information was included in a report of an investigation into the circumstances surrounding Brown’s death, which was signed by Sheriff Callahan.
Thus, based on this evidence, a reasonable jury could conclude that Sheriff Callahan was on notice, by the time of Henson’s arrival at the jail, that there was a problem of nurses, particularly Nurse Krajca, being reluctant to send very ill inmates to the hospital, and that his failure to address that problem constituted deliberate indifference.[1]
*360 For these reasons, I would affirm the district court’s denial of qualified immunity as to Sheriff Callahan.